No. 27,067.

ANNA O'CONNELL, *Appellee*, v. WILLIAM J. LUSK, *Appellant*.

SYLLABUS BY THE COURT.

MOTOR VEHICLES—*Liability for Injuries—Negligence—Contributory Negligence —Instructions*. The proceedings considered in an action for damages for personal injuries resulting from an automobile accident, and *held*, assignments of error relating to qualification of a witness, refusal of the court to give requested instructions, and soundness of the verdict finding defendant guilty of negligence and acquitting plaintiff of contributory negligence, are without merit.

Appeal from Sedgwick district court, division No. 1; J. EVERETT ALEXANDER, judge. Opinion filed December 11, 1926. Affirmed.

*O. H. Bentley*, of Wichita, for the appellant.

*Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin* and *Sidney L. Foulston*, all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries sustained by plaintiff when she was struck by defendant's automobile. Plaintiff recovered, and defendant appeals.

Defendant contends he was without fault, and plaintiff was guilty of contributory negligence. In a narrative apparently intended to take the place of an abstract of the testimony, defendant states the accident occurred under a railroad viaduct in the city of Wichita, on a roadway given over to vehicular traffic, and not at a street crossing. Plaintiff abstracts testimony showing the accident occurred on a crosswalk used by pedestrians in traveling from the steps on one side of the viaduct to the steps on the other side.

The narrative referred to states that defendant was driving to his work in no special haste, a statement too indefinite to enlighten the court. The jury found defendant was not driving his car at a rate of speed less than ten miles per hour, and plaintiff abstracts testimony showing the speed of the car at the time of the collision was not less than twenty miles per hour. An ordinance of the city of Wichita limited the speed of a vehicle passing under a track elevation to twelve miles per hour, and plaintiff abstracts testimony of defendant that after he saw plaintiff he could not stop or turn aside in time to avoid collision.

Appeal and Error, 4 C. J. p. 980 n. 70. Motor Vehicles, 28 Cyc. pp. 37 n. 19, 47 n. 20. Witnesses, 40 Cyc. p. 2200 n. 58.

The jury found specially that defendant's vision was obscured by a car in front of him and by the foggy state of the weather, but that the injury plaintiff received was not the result of unavoidable accident. An automobile driver must take note of weather conditions and objects obstructing his view, and must operate his car with due regard to the safety of others under the circumstances limiting his ability to see.

It follows from the foregoing that this court is in no position to declare the verdict finding defendant guilty of actionable negligence and acquitting plaintiff of contributory negligence was unsound.

Defendant complains because the court permitted a boy eight years old to testify for plaintiff. The qualification of a witness is not determined by age alone. Defendant does not abstract the proceedings, and plaintiff's abstract discloses the fact that the boy qualified as a witness.

Defendant complains that the court denied his request to give certain instructions, but his motion for new trial did not complain of the instructions which the court did give. Those instructions are not abstracted, and may have covered the issues in the case.

The judgment of the district court is affirmed.