No. 28,940.

C. A. JONES, *Appellant*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

(282 Pac. 593.)

Opinion filed December 7, 1929.

W. H. Ryan and E. W. English, both of Girard, for the appellant.

William R. Smith, Owen J. Wood, Alfred A. Scott and Alfred G. Armstrong, all of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for demolition of plaintiff's autotruck when he drove it against the side of defendant's freight train standing on a highway crossing in the town of Trent, Neosho county. An objection to the introduction of evidence on the ground the petition failed to state a cause of action was sustained. Plaintiff appeals.

The petition alleged that defendant unlawfully obstructed the crossing with its freight train for forty-five minutes. There is a statute making it a misdemeanor for a railway company to allow a train to stand on a highway crossing such as the one in question for longer than ten minutes, without leaving an opening in the traveled portion of the crossing. The statute is one to facilitate the movement of traffic on the highway and to prevent blockade causing congestion and delay. The statute was not one to prevent autotruck drivers from running against the sides of freight trains. (*Sheldon v. Wichita Railroad and Light Co.*, 125 Kan. 476, 264 Pac. 732, and cases cited in the opinion.) It made no difference to plaintiff how long the train had been there. He did not arrive and

then wait because the crossing was obstructed, or resort to expedients to avoid delay in getting to the other side of the track, or do or suffer anything because of length of time the train had stood on the crossing. To him the situation was the same as if the train had been there only five minutes, and negligence with respect to him may not be predicated on violation of the statute.

The petition alleged that when the accident occurred it was long after sunset, it was dark, there was fog, there was dense smoke from the engine of the train, and the railway company did not provide signal lights or other warning that the highway was obstructed by the train. There was no allegation that there was anything peculiarly dangerous about the crossing which made it reasonably necessary for the railway company to have gates, or lights, or a gong, or a watchman at the crossing, to warn highway users against attempting to cross. It was just dark and foggy and smoky. There is no statute which requires a railway company to warn travelers there is a freight train across the highway when those conditions exist, and a railway company rests under no common-law duty to take such precautions for the benefit of drivers of auto vehicles.

Under ordinary circumstances a freight train standing across a highway on a dark and foggy night will sufficiently reveal itself to travelers exercising due care in the operation of auto vehicles which are equipped with proper lights and which are driven at a proper rate of speed under the conditions. A railway company is not required to anticipate the erratic conduct of others. At the time the accident occurred the law regulating the use of the highway required that plaintiff's truck be equipped with good and sufficient brakes, and with two lamps exhibiting white lights visible at a distance of 300 feet in the direction in which plaintiff was proceeding; and required plaintiff to drive at a rate of speed reasonable and proper under the conditions. The railway company's duty extended no further than to exercise reasonable care, and it was not required to foresee that on one night of a period of history the driver of a lawfully equipped and operated truck might be so completely engulfed in Cimmerian darkness, impenetrable fog and dense train-engine smoke that he could not apprehend a train was there, and take the extraordinary precautions necessary to protect him from projecting his truck against the side of the train.

The result of the foregoing is, the petition did not disclose neg-

ligence of defendant with respect to plaintiff; but besides that the petition disclosed that the accident was the result of plaintiff's own negligence.

The petition alleged that plaintiff did not know he was near a railway track, had no notice or knowledge of the obstruction, and on account of extreme darkness, fog, and dense smoke of the engine, he drove his truck against the side of a freight car and demolished the truck. He should have operated the truck in accordance with his ability to see.

In the absence of statute it is negligence for a driver to operate his auto vehicle at night without lights which will enable him to see objects ahead of him in time to avoid accident. The statute requiring lights was not enacted merely to secure the giving of notice of approach of the vehicle carrying the lights. One of the purposes of the statute was to require equipment which will enable a driver to see ahead of him, and it is negligence for him to proceed at such speed that he cannot stop within the distance he can see ahead of him. The rule has been applied to one driving at night (*Giles v. Ternes*, 93 Kan. 140, 143, 143 Pac. 491); to one driving with dim lights (*Fisher v. O'Brien*, 99 Kan. 621, 162 Pac. 317); to one driving at night who could not see because of brightness of the lights of an automobile coming toward him (*Howard v. Zimmerman*, 120 Kan. 77, 80, 242 Pac. 131); to one driving at night when it is misting or raining (*Rhoades v. Atchison, T. & S. F. Rly. Co.*, 121 Kan. 324, 246 Pac. 994); to one driving in foggy weather (*O'Connell v. Lusk*, 122 Kan. 186, 250 Pac. 1059); and to one driving at night on a grade which caused his lights to be projected above an obstruction (*Haines v. Carroll*, 126 Kan. 408, 267 Pac. 986). The result is that if the night be very dark and the fog very thick and the engine smoke very dense, the driver of an auto vehicle who is just driving along the road proceeds at his own risk, unless he correlates speed and ability to stop with ability to see.

The judgment of the district court is affirmed.