No. 30,118.

ALBERT CORNWELL, *Appellee*, v. ELIZABETH O'CONNOR, *Appellant*.

(5 P. 2d 861.)

Opinion filed December 12, 1931.

*Gilbert H. Frith,* of Emporia, for the appellant.

*E. H. Rees* and *O. T. Atherton,* both of Emporia, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This was an action for damages for the death of a person, alleged to have occurred by reason of the negligence of the driver of an automobile.

On the 15th of March, 1930, the appellant, her sisters, Gertrude O'Connor and Katherine Phillips, and Lela Cornwell, who lived in Emporia, arranged to go to Kansas City in the defendant's car to attend a show. The car was a 1930 model Ford coupé, with rumble seat. They left Emporia shortly after one o'clock in the afternoon. The defendant and her sister, Gertrude O'Connor, were in the front seat, and in the rumble seat were the defendant's sister, Katherine Phillips, on the left side, and Lela Cornwell, the deceased, on the right. They traveled north out of Osage City on highway 50S. The road was about thirty-five feet wide, graveled, and dry and smooth. The automobile, including the tires and brakes, was in good mechanical condition. Some distance north of Osage City,

while traveling between thirty-five and forty miles per hour, the left rear tire was punctured by a large nail. This occurred about one hundred feet south of a culvert. The tracks show that the car swerved to the left and indicate that the brakes were applied. This continued for a distance of about thirty feet toward the ditch or culvert, when the car was turned to the right. The left front wheel crumpled. The car turned over and the deceased was thrown against the culvert and died from the injury received. The plaintiff was the husband of the deceased, who was the mother of two children. The defendant testified that she had a sensation of the tire going down. She thinks she applied her brakes, but is not certain. She does, however, remember turning the car to the right after it veered across the road toward the ditch or culvert.

The jury returned a general verdict in favor of the plaintiff and answered special questions as follows:

"1. At the time of the accident were the deceased and defendant, together with defendant's sisters, on a pleasure trip to Kansas City in accordance with prearranged plans? A. Yes.

"2. How much time elapsed between the time the tire went flat and the accident? A. Less than two seconds.

"3. After the puncture of the casing did the defendant exercise ordinary care in handling of the car? A. No.

"4. Was defendant guilty of such carelessness as caused the death of Lela Cornwell? If so, state in what particulars. A. Yes. By losing control of car."

The appellant contends that the evidence did not establish actionable negligence, and that the facts found by the jury exonerate the appellant. The appellee, in his brief, frankly states his theory of the case, as follows:

"Plaintiff's theory was that the defendant, an experienced driver, lost control of her automobile by failing to exercise ordinary care after being advised that her tire was going down."

Negligence is never presumed. It must be proven. It may, of course, like any other fact, be established by circumstantial evidence. Negligence, to be actionable, must be the proximate cause of the injury. The duty of the host to the guest is the exercise of the ordinary care of a reasonable, prudent person. (*Howse v. Weinrich*, 133 Kan. 132, 298 Pac. 766.) If, however, the driver finds himself in a place of danger and because of want of time in which to form a judgment omits to act in the most judicious manner he is not charged with negligence, unless his own negligence created the emer-

gency. (Huddy, Cyc. of Auto. Law, 9th ed., vols. 3-4, § 26; *Barnhardt v. Glycerin Co.*, 113 Kan. 136, 213 Pac. 663; *Clark v. Atchison, T. & S. F. Rly. Co.*, 127 Kan. 1, 272 Pac. 128.)

The first event in the tragedy was the puncture of the left rear tire. The evidence is clear that the driver was without fault to this point. The puncture was caused by a large nail about the size of a lead pencil. The car was traveling between thirty-five and forty miles per hour on the right side of the road and about one hundred feet from a culvert. The car continued in its course with a flat tire for about thirty feet. The tracks indicate that the brakes were applied. There was testimony to the effect that the application of the brakes would veer the car to the right, and, if the brakes were not applied with the left rear tire flat, the car would be drawn to the left. In any event the car swerved to the left, crossing to the left side of the road traveling at an angle a distance of about forty feet toward a ditch. The car then turned to the right, the left front wheel went down, dug into the ground and turned the car over. This, the jury found, all occurred in less than two seconds, and the negligence of the appellant was in losing control of the car. Under these circumstances, which are all the proven facts in the case, can it be said that the appellant failed in her duty to the deceased and thereby caused the injury?

The appellee relies upon circumstances to prove negligence. To accomplish this end the facts and conditions must be of such significance and relation one to the other that a reasonable conclusion of negligence can be founded thereon. To establish a theory by circumstances the facts relied on must be of such a nature and so related one to the other that the only reasonable conclusion to be drawn therefrom is the theory sought to be established. The appellee's theory was that the appellant lost control of the automobile by failing to exercise ordinary care. It appears that the jury were unable to find any particular acts of negligence on the part of the appellant, except "losing control of the car." She had complete control of the car when the left rear tire went flat. The car swerved to the left. This was, according to the testimony, a natural result of the punctured tire. The swerving started the car toward the ditch. The driver turned the car to the right, into the road. She controlled the car. The evidence is, that if the car had continued on its course, after being turned to the right, it would have cleared the culvert. At this point the left front wheel gave way and control of the car was

lost. There is no evidence that the appellant had any knowledge of a defective wheel, or that it could reasonably be anticipated that the turning of the car would crumple the wheel. We are unable to find any evidence upon which the driver can be charged with negligence in the crumpling of the wheel, and control of the car was not lost until after the failure of the wheel. The appellee's theory of the case was not established by evidence and there is a lack of proof on which to rest a finding of negligence.

Does this conclusion leave anything on which to base a new trial, or should judgment be ordered? The record clearly indicates that all of the available evidence relating to the accident has been produced, and under such circumstances a new trial would confer no favor on the appellee, but only prolong litigation. A judgment should, therefore, be ordered in favor of the appellant for costs. (*Manufacturing Co. v. Porter*, 103 Kan. 84, 172 Pac. 1018.)

The judgment is reversed, and the court is ordered to enter judgment for the appellant for costs.