No. 33,088

Maggie M. Crowe, *Appellant*, v. J. J. Moore, *Appellee*.

(62 P. 2d 846)

Opinion filed December 12, 1936.

*O. G. Underwood,* of Greensburg, and *W. B. Hess,* of Pratt, for the appellant.

*William Barrett, George Barrett, R. F. Crick,* and *M. C. Bucklin,* all of Pratt, for the appellee.

The opinion of the court was delivered by

Smith, J.: Plaintiff appeals from an order sustaining a demurrer to evidence.

Stated briefly, the petition on which the trial was had alleged that on April 1, 1935, plaintiff and her husband were traveling east on highway 54 in an automobile driven by the husband; that the defendant was driving an automobile west on that highway at a high rate of speed and in a manner to endanger the life and limb of others using the highway, and that while approaching, her husband turned his automobile to the right, but defendant negligently

turned or swerved his automobile to the left to the wrong side of the road; that the defendant was operating his automobile in a careless and negligent manner and did not have proper control thereof, and the two automobiles collided, the husband sustaining injuries from which he shortly died. There is proper allegation of no administration on his estate. In a second cause of action, plaintiff alleged the injuries which she personally suffered. Recovery on both causes of action was prayed for.

Defendant's answer admitted the accident, denied negligence on the part of defendant or excessive speed, alleged he was on his proper side of the road, operating his car properly, but that Crowe was driving his car on the left-hand side of the road and at a greater rate of speed than was reasonable and proper, etc.; that plaintiff's car was being operated with only one lamp exhibiting a white ray visible 300 feet, etc.; that plaintiff's husband, in operating his car, failed to apply his brakes, sound his horn or take any precaution to avoid injury to himself or others; that plaintiff and plaintiff's decedent were engaged in a joint enterprise and both failed to keep any lookout or take any precaution for the safety of themselves, and that plaintiff failed to remonstrate with her husband regarding their rate of speed or against being on the left-hand side of the road, etc.

At the trial plaintiff offered evidence in support of her petition and rested. Defendant's demurrer to her evidence as not proving a cause of action was sustained, and she appeals.

In examining the evidence to determine the correctness of the trial court's ruling we shall not mention the injuries sustained by plaintiff, but shall confine our review to the question of negligence.

The plaintiff in her own behalf seems to have testified solely as to her own injuries, and in connection therewith that since the injury she has difficulty in remembering. Doctor Atkins, who attended plaintiff and her husband immediately after the accident, testified solely with respect to injuries sustained, and that plaintiff suffered a lapse of memory, didn't remember leaving home the morning of the accident and that her memory was a blank from that time until some time after her husband's death, and that such lapses are of common occurrence in cases of this kind. The evidence as to the accident is limited to the testimony of persons who viewed the scene shortly after its occurrence. For purpose of clarity, it may be stated the accident occurred on highway 54, which runs east and west, at

a point just west of the county line between Pratt county on the east and Kiowa county on the west, and that on the county line is a highway running north and south.

C. E. Anderson, keeper of a store at Wellsford, just west of the scene of the accident, had arisen on the morning of April 1, 1935, shortly before daylight, and was called to the scene and found the Crowe car in the ditch on the south side of highway 54 about fifty feet west of the center of the north and south road, the husband sitting behind the steering wheel. The Moore car was on the north side of the highway and about ten feet west of the center of the north-and-south road. The cars had hit just across the line in Kiowa county. Joe Graves, sheriff of Kiowa county, was called to investigate the accident and found Crowe's Ford and Moore's Buick cars. The collision took place practically in the center of highway 54. His testimony placed the Crowe car in the south ditch 40 or 50 feet west of the county line, the Moore car in the highway 30 or 40 feet west of the point of collision. He observed the tracks of the two cars. The tracks of the Moore car for 50 or 60 feet back were swinging to the south and at the point of collision were in the center of the highway; the tracks of the Crowe car for about 100 feet seemed a little on the north side of the road, angled up and swerved to the south. He saw no indications that Crowe had applied his brakes. The right lamp of the Crowe car had a cloth tied over it. Walter Rosenbaum, sheriff of Pratt county, was also called. Sheriff Graves and Undersheriff Kephart were there when he arrived. The tracks of the Moore car showed he applied his brakes and veered to the south and then went straight west, and that at the point of collision his left-hand or south wheels were fifteen or eighteen inches south of the center of the highway. He did not observe the tracks of the Crowe car. Harry Kephart, undersheriff, stated that highway 54 was hard-surfaced, 22 feet wide, and that the shoulders were three feet wide; that he examined the tracks of the Moore car for 75 to 100 feet leading up to the point of collision; that it was on the north or right-hand side and that about 60 feet away it turned to the left; that brakes were applied twenty or thirty feet before point of collision; that the tracks of the Crowe car showed it had been on the north side of the highway and veered to the south and at the point of collision was in the center of the highway and that the brakes had not been applied; that the conditions of the cars indicated the right wheel of the Moore car struck the Crowe car between

the center and north wheel. The entire highway was free from obstruction. One daughter of Crowe stated she saw her father's automobile the evening before the accident and that the lens on one headlight was broken and a white cloth was tied over it and the bulb was burning. She did not state which light it was. Another daughter stated she saw the car the evening before and part of one lens or glass was broken out, but the bulb was there and burning. She did not state which light nor did she mention the cloth.

As has been noted, two causes of action are alleged in plaintiff's petition. Before entering upon a discussion of them separately, certain observations may be made applicable to both causes of action. In order for plaintiff to recover on either cause of action, her proof must show more than that there was an accident in which defendant was involved and in which she and her husband were injured. It was said in *Hendren v. Snyder*, 143 Kan. 34, 41, 53 P. 2d 472:

"The simple fact that there was a collision and someone was injured is not of itself sufficient to predicate liability. (*Zinn v. Updegraff*, 113 Kan. 25, 35, 213 Pac. 816; 9 Blashfield Cyclopedia of Auto Law, p. 399.) It is familiar law that negligence is never presumed; it must be established by proof. Like any other fact, it may be established by circumstantial evidence. (*Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 249 Pac. 599.) But the circumstances 'relied on must be of such a nature and so related one to the other that the only reasonable conclusion to be drawn therefrom is the theory sought to be established.' (*Cornwell v. O'Connor*, 134 Kan. 269, 271, 5 P. 2d 861.) 'A fact is not proven by circumstances which are merely consistent with its existence.' (*Canestro v. Joplin-Pittsburg Rld. Co.*, 135 Kan. 337, 341, 10 P. 2d 902.)

"In *Whiteaker v. Wichita Rld. & Light Co.*, 125 Kan. 683, 265 Pac. 1103, it was held:

"'A finding of negligence cannot rest on mere conjecture, but must be established by competent proof.' (Syl. ¶ 1.)

"See, also, *Beeler v. Railway Co.*, 107 Kan. 522, 192 Pac. 741; *Norman v. Railway Co.*, 101 Kan. 678, 168 Pac. 830, and *A. T. & S. F. Rly. Co. v. Toops*, 281 U. S. 351, reversing *Toops v. Atchison, T. & S. F. Rly. Co.*, 128 Kan. 189, 277 Pac. 57.)" (p. 41.)

Negligence of herself and her husband which contributed to the accident would bar recovery, and while the burden of proving such contributory negligence is on the defendant, if her proof shows such negligence, the defendant may take advantage of it by demurrer, it being said in *U. P. Rly. Co. v. Adams*, 33 Kan. 427, 6 Pac. 529:

"Where an action is brought to recover for personal injury, and the plaintiff's testimony shows that his own negligence contributed directly to the injury, he has failed to make out a *prima facie* right of recovery, and a demurrer interposed to his evidence should be sustained." (Syl. ¶ 1.)

And in *Houdashelt v. State Highway Comm.*, 137 Kan. 485, 492, 21 P. 2d 343, it was said:

"While the rule is that the burden is on the defendant to prove contributory negligence, it will not be interpreted to mean that if plaintiff's own testimony shows him guilty of such negligence as precludes a recovery, the defendant cannot take advantage of it. The testimony showed plaintiff and his son were on a joint mission (*Howard v. Zimmerman*, 120 Kan. 77, 242 Pac. 131), and it likewise showed they were in equal position to and were both looking forward as the car was proceeding immediately before the accident, and it was their duty to so operate the car that it could be stopped within range of their vision. See *Jones v. Atchison, T. & S. F. Rly. Co.*, 129 Kan. 314, 282 Pac. 593, and *Tuer v. Wayland*, 129 Kan. 458, 283 Pac. 661, and cases cited therein." (p. 492.)

The test for determining the sufficiency of evidence as against a demurrer was defined in *Sponable v. Thomas*, 139 Kan. 710, 33 P. 2d 721, as follows:

"In determining whether as a matter of law a plaintiff is guilty of contributory negligence which precludes his recovery for injuries sustained, all of the testimony favorable to the plaintiff must be accepted as true, and if the facts are such that reasonable minds reach different conclusions thereon, the question must be submitted to the jury and cannot be determined by the court as a matter of law." (Syl. ¶ 4.)

From plaintiff's evidence, there can be no difference of opinion as to the following: For some distance leading up to the point of collision, the plaintiff's car was being driven east on the north side of the highway running east and west, or on the left side of the highway, and that defendant's car was being driven west on the north side or on his right side of the highway, that it veered slightly to the south, and that when the cars struck defendant's car was about fifteen or eighteen inches over to the south of the center line; that the right front wheel of his car had struck plaintiff's car about midway between its center and north wheel. Therefore, it is indisputable that plaintiff's car was on the wrong side of the highway. The marks on the highway showed that the brakes on plaintiff's car were never applied, and that those on defendant's car were applied for twenty or thirty feet ahead of the point of collision. This tends to prove only that defendant either discovered the situation sooner than plaintiff and her husband or was more prompt in action. Defendant's automobile was heavier than plaintiff's. While this would have some effect, the position of the automobiles after the collision would tend to indicate defendant's automobile was moving at a greater rate of speed than plaintiff's. In the present state

of the record, there is no testimony about the headlights on defendant's automobile, and the defective light on the plaintiff's auto is not shown to have contributed to the accident, unless it be assumed that because of it plaintiff and her husband could not see, or drove at a speed whereby they could not stop within the range of their vision, an assumption we do not make. Does the above evidence convict the defendant of negligence, or does it show the accident occurred by reason of negligence of the driver of plaintiff's car and of the plaintiff? The casualty did not occur as the result of excessive speed—there is no evidence of that. It occurred at a place where the plaintiff's car at the time and under the circumstances had no right to be. (*Giles v. Ternes,* 93 Kan. 140, 145, 143 Pac. 491; *Lindenstruth v. Leveque,* 138 Kan. 93, 95, 23 P. 2d 486; *Hiler v. Cameron,* 144 Kan. 296, 299, 59 P. 2d 30.) It is also apparent that the driver of either car should have seen the other car. The defendant on the proper side of the highway had the right to presume that the plaintiff's car approaching from the opposite direction on the left-hand or wrong side of the highway would get over on his proper side in time to avoid a collision (*McComas v. Clements,* 137 Kan. 681, 21 P. 2d 895), and under such circumstances the defendant did not have to anticipate that plaintiffs would not do so. (*Anderson v. Thompson,* 137 Kan. 754, 22 P. 2d 438.) What duty did defendant owe plaintiffs that he failed to perform? It is argued that he had a portion of his car on the south or left-hand side of the road, where he had no right to be. Had he kept on straight to the west he would have collided with plaintiff's car even more directly than he did. We cannot speculate on whether his car veered as a result of applying brakes which did not take hold uniformly, or whether he realized an imminent collision and was doing his best to avoid it. Neither could a jury so speculate. We may well be amazed that on a highway where, assuming each car to be properly equipped with burning headlights, and where each driver could see the other's approaching car, they would run head on into each other, but where the evidence shows that and nothing more, a jury should not be permitted to speculate and conjecture as to causes. We have not overlooked appellant's argument that it was defendant's duty to so drive his car that he could stop within the range of his headlights. But we observe that was also appellant's duty. The rule is of little effect here—the evidence showed defendant applied his brakes, the appellant's husband did not. We cannot speculate on whether or not de-

fendant's car would have stopped short of the point where he first saw the appellant's car. It would make no difference, for appellant's car kept on coming toward defendant at unabated speed so far as the evidence discloses. There was no showing of negligence on the part of the defendant.

If it be assumed that there was negligence on the part of the defendant, there is an abundance of evidence showing negligence on the part of plaintiff's intestate. It is not open to question that plaintiff may not recover for her husband's claimed wrongful death if, had he lived, he could not have recovered for his injuries. (See *Kirkland v. Railway Co.*, 104 Kan. 388, 179 Pac. 362; *Cooper v. Railway Co.*, 117 Kan. 703, 232 Pac. 1024; *Spencer v. Kansas City Public Service Co.*, 137 Kan. 738, 22 P. 2d 425.) In any event, plaintiff must have failed on her first cause of action. Under the same assumption, could she recover for her own injuries? Her proof showed negligence on the part of her husband. It also showed that she was riding with him. But it failed utterly to show that she kept any lookout for her own safety, protested in any way against the manner in which he drove or that he was driving on the wrong side of the road and directly in the path of an approaching car, or that she did any act or thing of any nature looking to her own safety or the avoidance of the accident. While ordinarily the burden of proof is on the defendant, where plaintiff's proof shows lack of care for her own safety, defendant may take advantage thereof by demurrer.

The ruling of the trial court is affirmed.