No. 33,421

ORVILLE B. SHEETS, *Appellee*, v. L. W. BALDWIN and GUY A. THOMPSON, Trustees of the Missouri Pacific Railroad Company, *Appellants*.

(73 P. 2d 87)

Opinion filed November 6, 1937.

*W. L. Cunningham* and *D. Arthur Walker*, both of Arkansas City, *W. P. Waggener, J. M. Challiss, O. P. May* and *B. P. Waggener*, all of Atchison, for the appellants.

*O. Renn* and *George Templar*, both of Arkansas City, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendants appeal from a judgment allowing plaintiff damages for injuries sustained in a collision of an automobile with a railroad train. The first specification of error is that the trial court erroneously overruled defendants' demurrer to plaintiff's evidence.

As nearly as may be, our statement of plaintiff's evidence will be limited to showing the manner in which the collision occurred, and as tending to show whether defendants were guilty of negligence which occasioned plaintiff's injuries. On February 1, 1936, plaintiff was driving an automobile from Missouri to his home in Arkansas City, Kan. About 7:00 p. m. he stopped in Iola and examined the condition of his windshield and headlights and cleaned them, as it had been sleeting. The sleet having ceased falling, he proceeded westward on U. S. highway 54, over which he had not traveled previously. His lights and brakes were in good condition and the surface of the pavement, which was an eighteen-foot blotter type, was good. It was very dark. After reaching a point about one mile south of Piqua and while traveling about thirty-five miles per hour, and not knowing he was approaching a railway crossing, he sud-

denly observed the side of a bright, shiny refrigerator car not over thirty-five feet in front and applied his brakes instantly and swerved his car. He collided with the train and was dragged along the right of way for 120 steps. The train was a freight train. He couldn't say which car he hit, but it wasn't long until he saw the caboose. It was a long train. He never saw the engine. As his car was being dragged along, he observed the cars ahead of the refrigerator were dark, grimy, dingy colored, covered with soot and dirt, and that the cars preceding the refrigerator car in the train blended with the darkness of the night and with the color of the surface of the road. After the accident he examined the crossing for signs and found a cross-arm sign about eight feet high (the train cut off his view of this sign at time of accident). There was no electric blinker or other sign there. Back up the highway about 300 feet was a highway crossing marker or sign, which was covered with ice which he knocked off. It had the black letters R R on a yellow background. At the crossing the rails were two or three inches lower than the surface of the road. We shall not detail evidence concerning his lights, how far they shone, how far he could see, etc., for such evidence is pertinent only to be considered in connection with a claim of his contributory negligence.

In determining whether the defendants were guilty of negligence, it must be borne in mind that the mere fact there was a collision and plaintiff was injured is not of itself sufficient to predicate liability. (*Zinn v. Updegraff*, 113 Kan. 25, 35, 213 Pac. 816, and see, also, *Crowe v. Moore*, 144 Kan. 794, 62 P. 2d 846.) There must be a showing that defendants failed to perform some duty or committed some act that caused plaintiff's injuries. It is not claimed by appellee that the defendants failed in any manner to have in place statutory warning signs at the crossing; the claim rather is that the statutory warning signals under the circumstances were not sufficient. In effect, the argument is that the cars in the train ahead of the yellow refrigerator car were dirty, dark and grimy and blended with the blotter type highway; that the night was dark, there was no moon, no glass reflector signs, no fences, no cattle guards, no telegraph poles, nothing that would disclose to the plaintiff that he was approaching a place of danger. Passing by for the moment that the presence of the train on the crossing might be evidence to a person on the highway that he could not proceed without colliding with the train, it must be evident that to meet the requirements for which

the appellee contends would require every railway crossing to be equipped with electric signals of some sort to warn of approaching trains and would require every railway company either to light its trains from end to end, and on every car, or to otherwise equip them so that they would be plainly visible at night from practically every angle in order that travelers on a highway approaching a railway crossing would know a train was passing. Insofar as electric signals are concerned, the statutory requirement is that on order of the state highway commission they shall be installed and maintained at dangerous and obscure crossings *to indicate the approach of trains.* (G. S. 1935, 68-414.) The act is some indication the legislature did not consider an electric signal a necessity at every crossing of a railway over a highway. There is nothing in the evidence to show the crossing in question was peculiarly dangerous. It is stated there were no cattle guards at the sides of the highway and no telephone poles there. But there is no showing there was occasion for either one, where their presence would have been a warning, nor has it been demonstrated how plaintiff would have seen them when he didn't see the train, which concededly extended many feet in either direction up and down the railway tracks across the highway. Neither should it be said that because of inclement weather a greater duty existed. Under the circumstances of this case, the defendants had a right to rely on the plaintiff's taking some measure of precaution for his own safety, or put more broadly, it would hardly be negligence on the part of the railway company to fail to put additional warning signals on the train on the assumption that on a dark stormy night some traveler along the highway would run into it as it passed over a crossing. In *Jones v. Atchison, T. & S. F. Rly. Co.,* 129 Kan. 314, 282 Pac. 593, an objection to introduction of evidence on the ground the petition failed to state a cause of action was sustained, a ruling which was upheld by this court. There the allegations of the petition were quite similar to what the evidence in the instant case showed. In disposing of the appeal it was said:

"Under ordinary circumstances a freight train standing across a highway on a dark and foggy night will sufficiently reveal itself to travelers exercising due care in the operation of auto vehicles which are equipped with proper lights and which are driven at a proper rate of speed under the conditions. A railway company is not required to anticipate the erratic conduct of others. At the time the accident occurred the law regulating the use of the highway required that plaintiff's truck be equipped with good and sufficient brakes, and with two lamps exhibiting white lights visible at a distance of 300 feet in the direction

in which plaintiff was proceeding; and required plaintiff to drive at a rate of speed reasonable and proper under the conditions. The railway company's duty extended no further than to exercise reasonable care, and it was not required to foresee that on one night of a period of history the driver of a lawfully equipped and operated truck might be so completely engulfed in Cimmerian darkness, impenetrable fog and dense train-engine smoke that he could not apprehend a train was there, and take the extraordinary precautions necessary to protect him from projecting his truck against the side of the train." (p. 315.)

The holding in the Jones case is consistent with the weight of authority. (See *Philadelphia & Reading Ry. Co. v. Dillon,* [31 Del.] 1 Harr. 247, 114 Atl. 62, 15 A. L. R. 894; *St. Louis-San Francisco Ry. Co. v. Guthrie,* 216 Ala. 613, 114 So. 215, 56 A. L. R. 1110; and *Bowers v. Great Northern R. Co.,* 65 N. D. 384, 259 N. W. 99, 99 A. L. R. 1443, and the notes in the several A. L. R. citations on "Liability of railroad for injury due to road vehicle running into train or car standing on highway crossing.")

We are of the opinion that the plaintiff's evidence was insufficient as a matter of law to prove that defendants were negligent in respect to plaintiff. Because we have so concluded, it is unnecessary that we discuss whether as a matter of law plaintiff was guilty of contributory negligence, or the other specifications of error.

The judgment of the lower court is reversed and the cause remanded with instructions to sustain the demurrer of defendants to plaintiff's evidence, and to enter judgment for defendants.