No. 37,779

ALBERT C. CORKILL, *Appellee*, v. GUY A. THOMPSON, Trustee of Missouri Pacific Railroad Company, Debtor, *Appellant*.

(217 P. 2d 273)

Opinion filed April 8, 1950.

*Ralph M. Hope*, of Wichita, argued the cause, and *W. F. Lilleston*, also of Wichita, was with him on the briefs for appellant.

No appearance for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover for personal injuries and property damage sustained by plaintiff, alleged to have been a result of a collision involving plaintiff's automobile and a freight train occupying a crossing of defendant company's railroad tracks and a public highway. Trial was by a jury which failed to agree upon a verdict and was discharged. Defendant appealed to this court charging error of the trial court in (1) refusing to sustain defendant's demurrer to plaintiff's evidence, and (2) refusing to direct the jury to return a verdict in favor of defendant.

Plaintiff alleged defendant was negligent in that there were no warning signals or signs of any kind on the approach to the railroad crossing involved in this action except one cross-arm sign; the peculiar location of this particular grade crossing made it imperative that some sign or warning signal be placed sufficiently far back from said crossing to apprise travelers on the road that there was a railroad crossing located below the brow of the hill; the location of said railroad crossing below the brow of a sharp incline was particularly dangerous in that the lights of approaching motorists would be unavailing to pick out the railroad crossing until they were directly

on or at said crossing; by reason of the lack of any warning signs or signals, this plaintiff drove into, upon and against one of defendant's freight trains then on the crossing; and the collision was caused by the peculiarly dangerous location of this particular crossing coupled with the failure of defendant to put up proper signs, signals or warning devices.

Consideration of the first specification of error necessitates a review of plaintiff's evidence to determine whether under the interpretation thereof most favorable to plaintiff required on demurrer, a prima facie case for recovery was made.

Plaintiff's evidence, in brief, demonstrated that the crossing was approximately 250 feet west of the crest of an elevation in the highway; immediately before the accident plaintiff was driving west upon the county highway some time after 11:00 p. m. in a 1930 Model A coach at a speed of thirty or thirty-five miles per hour; the headlights of his automobile threw a beam of light for a distance of approximately 150 feet down the highway; as plaintiff crossed the crest of the elevation in the highway and started down the reverse slope, the beam of light was appreciably shortened and plaintiff failed to see a train of freight cars upon defendant's track; as plaintiff approached within some forty or forty-five feet of the tracks he saw defendant's train upon the crossing moving in a southwesterly direction; thereupon plaintiff turned his car sharply to the right, or northeast, to avoid hitting the train; and there was a "crash" and plaintiff was found a few minutes later in his car upon the Santa Fe track which parallels the defendant company's track fifteen feet to the east. Evidence was also admitted which tended to show that the frame and engine of plaintiff's automobile had borne the brunt of the damage. Plaintiff further adduced evidence showing the presence of a standard cross-arm warning sign to the east of the right of way, and establishing the absence of all other warning signs and safety devices.

In determining whether defendant company was guilty of negligence, there must be a showing that it failed to perform some duty or committed some act which caused plaintiff's injury. Plaintiff's evidence showed that the standard cross-arm signal required by statute was present at the crossing, but he claims that such statutory warning signal was not sufficient under the circumstances involved. G. S. 1935, 68-509 provides for erection of suitable safety devices at dangerous or obscure railroad crossings upon request of

the proper public authorities. The exercise of pertinent provisions of the statute would occur only after a determination by local authorities of the dangerous character of the crossing within their jurisdiction. The record in the instant case presents no evidence of such determination. No other signal or safety device was installed either upon the crossing or at the top of the hill east of the crossing. In the absence of any determination of the dangerous character of the crossing by the proper public officials, it may be fairly concluded that the crossing was not considered so "dangerous and obscure" as to warrant such determination by those local authorities charged by statute with such responsibility. The rule is that the question of whether a railroad crossing is unusually dangerous is a matter of law unless substantial, competent evidence of its dangerous character is introduced (*Bledsoe v. M-K-T Rld. Co.*, 149 Kan. 741, 90 P. 2d 9, and authorities cited therein). The evidence does not disclose that the crossing was unusually dangerous. We believe the logical conclusion to be drawn from the fact that no warning signs other than the statutory cross-arm signal were installed at the crossing, is that the proper officials did not consider the crossing "dangerous or obscure."

This court has repeatedly distinguished between the duty owed by railroads to warn travelers upon a highway of approaching trains and the obligation to apprise travelers of trains rightfully occupying the crossing. The purpose of crossing signs or signals is to warn of approaching trains and not of trains already occupying the crossing. (See *Shepard v. Thompson*, 153 Kan. 68, 109 P. 2d 126; *Sheets v. Baldwin*, 146 Kan. 596, 73 P. 2d 37; *Bledsoe v. M-K-T Rld. Co.*, supra.) In *Jones v. Atchison, T. & S. F. Rly. Co.*, 129 Kan. 314, 282 Pac. 593, this court upheld an order sustaining an objection to the introduction of evidence on the ground that the petition failed to state a cause of action. In disposing of the appeal it was said:

"Under ordinary circumstances a freight train standing across a highway on a dark and foggy night will sufficiently reveal itself to travelers exercising due care in the operation of auto vehicles which are equipped with proper lights and which are driven at a proper rate of speed under the conditions."

The railroad company's duty extended no farther than to exercise reasonable care and it may assume, while occupying the highway crossing in proper movement of its train, that travelers on the highway approaching the crossing will exercise the same amount of care.

A careful examination of plaintiff's evidence fails to disclose that

defendant company violated any duty it owed to the plaintiff, and in view of what has been said, we conclude that plaintiff's evidence was insufficient to establish his cause of action and that the demurrer thereto should have been sustained. This conclusion makes it unnecessary to consider appellant's other contentions.

The case is reversed and remanded with directions to sustain defendant's demurrer to plaintiff's evidence.