No. 42,924

JAMES C. EASON, *Appellee*, v. MISSOURI PACIFIC RAILROAD COMPANY, *Appellant*.

(379 P. 2d 351)

Opinion filed March 2, 1963.

*Ralph M. Hope,* of Wichita, argued the cause, and *W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz, Richard W. Stavely, Charles S. Lindberg* and *Ronald M. Gott,* all of Wichita, were with him on the brief for the appellant.

*Clarence N. Holeman,* of Wichita, argued the cause, and *Martin A. Aelmore,* of Greensburg, was with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an action for the recovery of damages sustained by plaintiff when he drove his automobile into the side of a train which was standing on a highway crossing.

Defendant railroad company filed a demurrer to the amended petition on the ground that it did not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant.

The demurrer was overruled and defendant has appealed.

Material portions of the amended petition read:

"II

"That on or about the 14th day of September, 1958, plaintiff was the owner of one 1958 Buick automobile which he was operating in an easterly direction on Highway K-42 approximately three-fourths of a mile west of the city limits of Norwich, Kansas, in Kingman County, Kansas, when same was involved in a collision with a box car of the defendant corporation which was parked across said Highway on its tracks at the above location. That the time of this occurrence was approximately 8:30 P. M. on September 14, 1958. That the box car of the defendant did not have any lights on and that it was an extremely dark night, and therefore said box car was not visible.

"III.

"That plaintiff's automobile was in good working conditions prior to said collection (sic) with defendant's train; that plaintiff's automobile was damaged to the extent of $1,150.89, same being the cost of repairs, all being due to the negligence of the defendant as hereinafter alleged.

"IV.

"That at the time defendant's train was stopped across the Highway herein mentioned, said defendant did not have any warning signals of any kind at or near its train to warn the public or this plaintiff that it was stopped across the highway; neither did defendant have any watchman or signal man of any kind or nature to warn this plaintiff of the existing danger.

"V.

"That the defendant was guilty of the following acts of negligence any and each of which was and were the proximate cause of the accident and resulting damages to plaintiff, to-wit:

(a) Failing to warn the public or this plaintiff of the existence of its train across the highway;

(b) Failing to have lights on said train;

(c) Failing to have a watchman or signal man on the west side of the box car to warn plaintiff to stop."

In support of the trial court's ruling plaintiff contends that if evidence were offered in support of the allegations of his amended petititon twelve reasonable minds could reach different conclusions therefrom, and that a jury would be justified in finding defendant guilty of negligence. It also is argued that for all practical purposes the highway was closed to traffic by the acts of defendant, and that in blocking the highway defendant might just as well have blocked it "with a house or any other instrumentality."

In support of its demurrer defendant contends that it should have been sustained because the amended petition shows on its face that defendant was not negligent and did not violate any duty owing to plaintiff, and that plaintiff was guilty of contributory negligence which was the proximate cause of the collision and resulting damage to his automobile.

We think this case calls for no extended discussion of the well-established rules relating to situations such as are disclosed by the allegations of the amended petition. Similar questions have been before the court many times and it is clear that under the facts alleged in this case plaintiff's allegations not only fail to allege actionable negligence on the part of defendant but also show plaintiff to have been guilty of contributory negligence, barring his recovery. An almost identical situation was present in *Jones v. Atchison, T. & S. F. Rly. Co.*, 129 Kan. 314, 282 Pac. 593, and reference is made to what was there said and held on the question. See also *Sheets v. Baldwin*, 146 Kan. 596, 73 P. 2d 37; *Bledsoe v. M.-K.-T. Rld. Co.*, 149 Kan. 741, 90 P. 2d 9; *Shepard v. Thompson*, 153 Kan. 68, 109 P. 2d 126; *Corkill v. Thompson*, 169 Kan. 38, 217 P. 2d 273, and *Harmon v. Atchison, Topeka & S. F. Rly. Co.*, 171 Kan. 403, 233 P. 2d 489.

Without further discussion it is held that defendant's demurrer to the amended petition should have been sustained, and the judgment is therefore reversed.