No. 19,483.

CARL ANDERSON, a Minor, etc., *Appellee*, v. J. PRESTON
STERRIT, *Appellant.*

SYLLABUS BY THE COURT.

1. AUTOMOBILE—*Bicycle—Collision—Injuries—Violation of Or-
dinance No Defense to Action for Damages.* The plaintiff,
who was riding a bicycle, was injured by the defendant, who
was driving an automobile on one of the streets of the city
of Kansas City, Mo. In an action for damages sustained
on account of the injury it appeared that the plaintiff had
no license to ride his bicycle and carried no light, contrary
to an ordinance of the city. The absence of a license was not
a factor causing the collision, and the defendant testified that
he saw the plaintiff when he was a long distance from the
point of collision. *Held*, neither violation of the ordinance
constituted a defense to the action.

2. SAME—*Special Findings.* Special findings of the jury con-
sidered and held not to be conflicting; and held further, that
the findings of fact and general verdict are sustained by the
evidence.

Appeal from Wyandotte district court, division No. 2;
FRANK D. HUTCHINGS, judge. Opinion filed May 8,
1915. Affirmed.

*L. W. Keplinger*, and *C. W. Trickett*, both of Kansas
City, for the appellant.

*David F. Carson*, of Kansas City, and *Milton J. Old-
ham*, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover damages
for personal injuries. The plaintiff recovered and the
defendant appeals.

Southwest boulevard in Kansas City, Mo., extends
from northeast to southwest and intersects Broadway,
which extends from north to south. The defendant
was driving an automobile on the south side of the
boulevard and toward the northeast. He turned to the
left to go into Broadway before reaching the center of

that street and struck the plaintiff, who was riding a bicycle toward the southwest on the north side of the boulevard. After the collision the plaintiff lay in an unconscious condition fifteen feet west of the west side of Broadway. A statute of the state of Missouri, which was duly pleaded and proved, requires automobile drivers to use the highest degree of care to prevent injury to persons traveling upon public streets, and requires automobile drivers to keep to the right on public streets and to pass to the right when turning to the left from one street into an intersecting street. An ordinance of the city of Kansas City, Mo., which was duly pleaded and proved, provides that a vehicle turning to the left into an intersecting street shall not turn until it has passed beyond the center of the intersecting street. The plaintiff testified that he was going at a rate of about eight miles per hour. The defendant testified that the plaintiff was going at a rate of from twenty-five to thirty miles an hour. The defendant testified that he was going at a rate of from eight to ten miles per hour. There was abundant evidence to show that the defendant was going much faster than his own testimony indicated. It was dark or growing dark when the collision occurred.

The jury returned the following special findings of fact:

"1. Immediately before the accident, was plaintiff, on his bicycle, and defendant in his automobile, coming toward each other, along the Southwest Boulevard on opposite sides of the Broadway crossing? Answer: They were just prior to the accident.

"2. Immediately before the accident had defendant turned to his left to go up Broadway? Answer: Yes.

"3. At the time of the accident had plaintiff on his bicycle almost crossed in front of defendant's auto? Answer: Yes.

"4. Did the ordinances of the city, in which the accident occurred, require the plaintiff to be carrying a light? Answer: Yes.

"5. Immediately before and at the time of the accident, was plaintiff carrying a light? Answer: No.

Anderson v. Sterrit.

"6.  Immediately before and at the time of the accident, were the headlights on the front of defendant's auto lighted and in plain view?  Answer:  Yes.

"7.  Did the plaintiff see the defendant's auto before he got directly in front of the auto?  Answer:  No.

"9.  Did the ordinances of the city require plaintiff to have a license?  Answer:  Yes.

"11.  Did plaintiff have a license?  Answer:  No.

"12.  Was plaintiff immediately prior to the accident keeping a proper lookout?  Answer:  Yes.

"13.  Was there any obstruction to prevent plaintiff seeing the auto before the collision?  Answer:  No."

It is said that findings 6, 7, 12 and 13 are conflicting. The argument is that the plaintiff had before him two glaring headlights coming directly toward him, with nothing to prevent him from seeing them, and consequently that he must have seen them.  Such is not the effect of the findings or of the evidence sustaining them.

Southwest boulevard is quite a wide street, with a double-track street railway in the center.  When the plaintiff reached Broadway he was on the right side of the boulevard and the defendant was on the left.  The automobile lights were not in front of the plaintiff, but were down the boulevard and to his left.  The plaintiff testified that when he came to Broadway he was giving attention to Broadway, watching for traffic from both directions before he entered.  He was therefore keeping a proper lookout.  The defendant had not then reached Broadway, and the plaintiff had no occasion to look for an automobile entering Broadway on the west side of that street.  A witness testified that the automobile "shot round the corner."  If it did this, it shot across the north side of the boulevard to the point of collision near the west line of the boulevard.  The plaintiff was struck by the fender on the left side of the automobile.  While the defendant was turning across the boulevard the lights of his automobile were at the plaintiff's left all the time until just before the impact

of the two vehicles. The time, however, was necessarily very short, and the plaintiff testified that his attention was directed down his own side of the boulevard. This being true, it is not strange that he did not notice the defendant's lights until they were suddenly turned upon him.

The plaintiff had no license to ride his bicycle and carried no light, contrary to an ordinance of the city. The absence of a license was not a factor causing the collision, and the defendant testified that he saw the plaintiff when he was a long distance from the point of collision. Consequently neither violation of the city ordinance contributed to the plaintiff's injury.

It is said that the verdict and findings are contrary to the evidence. The evidence was conflicting and some of it on both sides of the case was not very credible, but sufficient appears to uphold the findings and the general verdict.

The judgment of the district court is affirmed.