No. 20,376.

HENRY PENS, *Appellee,* v. A. C. KREITZER, *Appellant.*

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Collision—Wagon and Automobile—Contributory Negligence Question for Jury.* The question of contributory negligence is one of fact in an action for damages sustained by the driver of a team and wagon in a collision with an automobile coming from behind at a dangerous rate of speed, both going in the same direction on the left side of the road, where the driver of the team and wagon did not have time to turn to the right after he heard the automobile coming.

2. SAME—*Verdict Sustained by Evidence.* The evidence has been examined and it is found sufficient to support the verdict of the jury.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed October 7, 1916. Affirmed.

*F. J. Oyler,* of Iola, for the appellant.

*R. A. Ewing, S. A. Gard,* and *G. R. Gard,* all of Iola, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment for damages for injuries to himself and to his horse and wagon. The defendant appeals.

The plaintiff and his son were driving home from Humboldt in a spring wagon drawn by a team of horses. The plaintiff was driving in the traveled way on the left side of a macadamized road. The defendant, with his family, was driving in an automobile on the same side of the road and going in the same direction at what was, under the circumstances, a high and dangerous rate of speed. It was in the nighttime and dark. The front lights of the defendant's automobile were out. The side lights were burning and he could see fifty or sixty feet in front of him. The engine was not working properly and was making a noise. The plaintiff did not have time to turn to the right after he heard the defendant's automobile coming, before it struck the plaintiff's wagon. The defendant, when he saw that the plaintiff was not going to turn to the right, attempted to turn to the right and pass the plaintiff, but struck the right hind wheel of the wagon with the left front fender of the automobile, overturned the wagon, threw the plaintiff out and frightened his horses and caused them to run away.

1. The defendant pleads that the plaintiff was guilty of contributory negligence in driving on the left side of the road and in not turning to the right when he learned that the automobile was coming. The defendant insists that this conduct on the part of the plaintiff was such as compels this court to say, as a matter of law, that the plaintiff was guilty of such contributory negligence as prevents his recovery. Under the circumstances disclosed by the evidence, the question of contributory negligence on the part of the plaintiff was a proper one to submit to the jury. The finding of the jury on that question is conclusive in this court. Section 8 of chapter 65 of the Laws of 1913 is cited by the defendant. That statute does not prohibit a person from driving on the left side of a road. It requires him to turn to the right when another overtakes him and indicates a desire to pass. The fact that the plaintiff was, at the time of the accident, violating the law of the road in not turning to the right after he heard the automobile, does not, as

a matter of law, preclude his recovery. (*Anderson v. Sterrit,* 95 Kan. 483, 148 Pac. 635; *McComas v. Dry Goods Co.,* 96 Kan. 467, 152 Pac. 615; Note, L. R. A. 1915 E, 961.)

2. The defendant contends that the verdict of the jury was not supported by sufficient evidence. This contention is based on the failure of the plaintiff to turn to the right when he heard the automobile coming. This is another way of stating that the plaintiff was guilty of contributory negligence. That question has been disposed of. The evidence as abstracted has been examined, and it is found sufficient to support the verdict of the jury.

The judgment is affirmed.