No. 2918

Second Circuit

PEPPER v. WALSWORTH

(May 13, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Automobiles—Par. 4, 4(d); Negligence—Par. 1, 3.**

It is negligence for one to drive or park an automobile on a public highway at night without lights thereon, front and rear.

2. **Louisiana Digest—Automobiles—Par. 4.**

Public highways are open, both day and night, for the use of automobiles and other vehicles and for pedestrians and livestock, and the driver of an automobile has no right to assume that the road before him is open and to proceed ahead without regard to the safety of those who may be thereon.

3. **Louisiana Digest—Automobiles—Par. 4.**

When the driver of an automobile on a public highway at night finds himself blinded by the bright lights of an approaching car, or if at any time his view of the road is obstructed by dust, smoke or fog, it is his duty to bring his vehicle under such control that he will be able to stop it at once in case of emergency, and in some cases to stop his car until the obstruction to his view is cleared.

4. **Louisiana Digest—Automobiles—Par. 4; Negligence—Par. 1.**

The failure of one operating an automobile on a highway at night to bring his car under perfect control when he finds himself so blinded by the bright lights of an approaching car that he can not see the road ahead of him is gross negligence and reckless driving.

5. **Louisiana Digest—Automobiles—Par. 7; Negligence—Par. 26.**

Contributory negligence, in order to bar recovery in an action for damages, must have in it the element of being the proximate, not the remote, cause from which the accident or injury resulted.

Appeal from the Third Judicial District Court of Louisiana, Parish of Jackson. Hon. S. D. Pearce, Judge.

Action by Lawson Pepper against S. W. Walsworth, et al.

There was judgment for defendants and plaintiff appealed.

Judgment reversed.

R. W. Oglesby, of Winnfield, attorney for plaintiff, appellant.

E. L. Walker, of Ruston, attorney for defendants, appellees.

ODOM, J. This is an action to recover damages resulting from a collision between plaintiff's automobile and that of defendant.

There was judgment dismissing plaintiff's suit as of non-suit and he has appealed.

OPINION

Plaintiff was driving his Ford car on a public highway at night. Finding that his car was not operating properly he ran it over to the right-hand side of the road as far as he could and stopped to fix it. After working on it for more than half an hour he succeeded in adjusting it so that it would run. Whereupon he and a

companion named Smith got into the car and started on their way. About the time that plaintiff, who was driving the car, got it started to moving forward and while it was in low gear, defendant's large Studebaker automobile, which was being used as a service car to carry passengers, ran into it from behind and destroyed it.

Plaintiff's car, when struck, was on the extreme right-hand side of the road. Defendant's car was coming in the same direction and ran into plaintiff. Plaintiff alleged negligence on the part of defendant's driver. Defendant denies liability but, in the alternative, alleges and pleads that if the court should find and hold that his driver was negligent then and in that event he pleads contributory negligence on the part of plaintiff in bar of his right to recover, the negligence charged against plaintiff being that his car was not equipped with a light on the rear end.

The testimony warrants the holding that plaintiff's car was not equipped with a light on the rear end. Defendant's driver and another witness say there was none and plaintiff and his companion are not sure that there was. Plaintiff says his car was an old model Ford and was not equipped with a tail light, but, however, before starting out he attached to it a coal oil light, but he could not say it was burning at the time of the collision. As he and his companion worked on and around the car for more than thirty minutes while it was standing in the road, it is reasonable to suppose that if the light had been burning during that time they would have noticed it, but they did not.

There is a state statute which requires automobiles, while traveling the public highways at night, to be equipped with lights, front and rear. Due regard for the rights and safety of all those who use the highways requires that automobiles be equipped with lights.

Plaintiff was therefore guilty of negligence.

He cannot, therefore, recover unless the defendant's driver was also guilty of negligence, and not even then if his own negligence was the main contributing cause of the collision, as will be discussed later.

Defendant's driver was also guilty of negligence.

He ran his car into plaintiff's car over on the extreme right-hand side of the road. The cars were both going in the same direction and the proper place for each was on the right-hand side of the road.

But it is not disputed that when an automobile approaches another going in the same direction, it is gross negligence for the driver of the approaching car to run into the forward car even though, it has been held, the forward car be in the middle of the road and refuse to yield the right of way.

Defendant's car was equipped with proper lights, and no reason is suggested why the driver could not have seen plaintiff's car on the road, even though it had no lights. But the driver of defendant's car pleads as an excuse for his conduct in running into plaintiff's car that as he approached plaintiff's car he met another car coming from the opposite direction and that the oncoming car was

equipped with bright headlights which so blinded him that he could not see. Here is what he says:

"I was driving along and meeting a car and he had me blinded, see, and his car was sitting on the right, and just as this car passed, it passed me about twenty feet before I got to this car (plaintiff's) the car that I met and I didn't have time to miss his car, and I cut my wheel to the left just as far as I could, and hit him about eighteen inches on the left."

He was asked why he did not see plaintiff's car sooner than he did, and he said:

"Didn't have any lights, and the other car had me blinded."

All through this witness' testimony he stresses the point that the lights of the approaching car had him blinded and that he could not see, and that point is strongly urged by counsel for defendant.

The witness stated that on meeting the car he turned his car to the right. This threw him immediately behind plaintiff's car. He struck it just after meeting the other car. Just before meeting the approaching car he was running thirty miles an hour but checked his speed slightly so that when the collision occurred he was running at not more than twenty-five miles an hour and did not see plaintiff's car until he was within fifteen or twenty feet of it.

In the absence of any testimony to the contrary, we assume that defendant's car was properly equipped with headlights. Therefore, if it had not been for the blinding lights on the approaching car the driver could have seen plaintiff's car in time to avoid striking it, even though no lights appeared on the rear end, for it was on the open road ahead of him as he approached.

The road, so far as the testimony discloses, is straight, and there was nothing to keep the driver from seeing the car ahead of him, even though it had no tail-light, except the blinding lights of the approaching car.

The question then arises, whether it was negligence for the driver to meet this approaching car, when he was blinded by its lights, at a speed of twenty-five miles an hour?

We think it was.

It was not only negligence, it was reckless driving. The driver of an automobile has no right to assume that the road before him is open, and to proceed ahead without regard to the safety of those who may be therein. To proceed ahead when one is utterly blinded, as the driver of this car says he was, at a speed of twenty-five miles an hour, is the grossest kind of negligence.

When a driver finds that he is unable to see the road ahead of him, for any reason whatever, whether blinded by bright lights, smoke, dust, fog or for any other reason, it is his duty to at least bring his car under such control that it can be stopped in a moment in case of emergency, and in extreme cases it is his duty to stop.

The highways are open to the use of pedestrians, people riding on horseback, and the livestock. Their presence on the highways is always to be expected, and due regard for their safety must be observed.

The driver of this car did not take the necessary precautions when he found himself blinded by the lights of the other car. True, he says he checked his speed to some extent, but according to his own testimony he met the oncoming car while running at twenty-five miles an hour and was running at that speed when he hit plaintiff's car. He saw, of course, the car which he met when some distance away. It was then his duty to check his speed and bring his car under complete control. If he had done that and had reduced his speed to twelve or fifteen miles an hour, which he could have done, the collision would not have occurred, for he says he saw plaintiff's car when about fifteen or twenty feet from it, when he cut his car to the left but not far enough to miss it. From his testimony it appears that had he gone eighteen inches further to the left the collision would have been avoided.

His theory is that he could not see plaintiff's car until relieved of the glare of the lights of the other car. If he had not been running so fast the other car would have passed him in time for him to have seen plaintiff's car at a sufficient distance to avoid striking it.

The rule that a person driving an automobile at night, who finds himself blinded by the lights of an approaching car must slacken his speed and have his car under such control that he could stop it immediately if necessary to avoid striking those rightfully in the road ahead of him, is sanctioned by the courts of last resort in every state of the Union where the question has been raised.

See cases reported and note following them in:

10 A. L. R. 291.
32 A. L. R. 881.
41 A. L. R. 1027.

In the case at bar it is perfectly apparent that it was not the absence of a tail-light on plaintiff's car which brought about the collision but, on the contrary, it was caused by the fact that the driver of defendant's car was so blinded by the glare of the bright lights of the car approaching from the other direction that he could not see ahead of him.

The driver of defendant's car, in failing to observe the proper precautions, was guilty of negligence, and it was his negligence which brought about the accident.

Defendant pleads contributory negligence in bar of plaintiff's action.

Conceding that plaintiff was negligent in not equipping his car with proper lights, yet to defeat his recovery for damages caused by defendant's driver negligently running into his car from the rear it would have to appear from the evidence that his negligence in that respect contributed to the accident and was the proximate cause thereof.

The mere fact alone that plaintiff was guilty of some negligence does not necessarily bar his recovery.

"Contributory negligence is a want of ordinary care upon the part of the person injured by the actionable negligence of another combining and concurring with that negligence and contributing to the injury as a proximate cause thereof without which the injury would not have occurred. Contributory negligence must have in it the element of being a proximate cause—not a remote cause but a proximate cause from which the accident or the in-

jury in whole or in part directly or indirectly resulted and but for which either by itself or by the presence of the negligence of the defendant the injury would not have occurred."

See: Words and Phrases under the heading, "Contributory Negligence", first edition, volume 2, page 1542, and the long list of authorities there cited.

In 28 Cyc., page 38, under the heading, "Motor Vehicles", the rule is stated as follows:

"The act or omission alleged to be negligence must always be the proximate cause of the injury in order to be actionable; and so, too, must the alleged contributory negligence be in order to bar recovery such that the injury would not have been sustained except for such negligence."

Our learned brother of the District Bench held that the failure of the plaintiff to have his car equipped with a tail-light was negligence and that his negligence in that respect bars recovery.

We concur in the holding that plaintiff was negligent, but do not concur in the view that such negligence, under the circumstances of this case, defeats his recovery.

It is well settled that the failure to comply with the provisions of a statute regulating the use of motor vehicles on the highways is negligence, but it is equally well settled that where such negligence alone is plead in bar of recovery it must be shown that there was a causal relation or connection between the negligence arising from the violation of the law and the accident and injury.

Lindsey vs. Cecchi, 80 Atl. 523, 35 L. R. A. (N. S.) 699.

Turner vs. Bennett, 161 Iowa 379.

Anderson vs. Serrett, 95 Kan. 483.

Lorenstein vs. Maile, 132 S. E. 844.

In Southall vs. Smith, 151 La. 967, 92 South. 402, it was held that it was the duty of the operator of a motor vehicle to keep his machine always under control so as to avoid collision with pedestrians and others using the highways. The court said:

"He has no right to assume that the road is clear, but under all circumstances and at all times he must be vigilant and must anticipate and expect the presence of others."

The driver of defendant's car was grossly negligent. His conduct probably resulted from the fact that he was under the influence of intoxicating liquor. One witness said he was staggering. Another said he was under the influence of liquor but not drunk because, in his opinion, a man is not drunk until he is "down and out".

S. W. Walsworth, one of the defendants, denied liability on the ground that he had no interest or connection with the business of operating the bus line, except to keep the books and to advance his son money when he needed it. He and his son both swear that there was no partnership between them, no agreement to share profits or losses of the business, and there is no evidence that S. W. Walsworth held himself out as a partner in the business. Both the son and the father swore that the father merely advanced the necessary funds to operate the bus so that the son

would not have to go to the bank for advances. The only evidence that the father ever owned any interest in the business is a statement signed by him dated March 17, 1926, after this cause of action arose, and published in a local newspaper, to the effect that he had sold his interest in the business to his son, A. E. Walsworth, who had assumed all outstanding obligations of the business. That statement was written by Mr. Shows, clerk of the court, who says that he wrote it according to his understanding of what the parties wanted. At the same time he prepared for the parties a promissory note representing the amount the father had advanced to the son in the operation of the business, which it appears was not signed by the son. A few days later the father and son signed a joint statement purporting to correct the first statement, in which latter statement it was recited that the father had never owned any interest in the business but was only bookkeeper, which position he had resigned on March 17, 1926.

The first published statement of S. W. Walsworth taken alone indicates very strongly that he owned an interest in the business at the time this cause of action arose, but in view of the fact that this statement is all the evidence there is in the record to prove the partnership, and in view of the sworn testimony of both father and son to the contrary, we cannot say that the existence of a partnership has been established with that legal certainty which would warrant us in holding S. W. Walsworth liable.

As to the quantum of damages, we think the testimony establishes that plaintiff was damaged to the extent of two hundred dollars, the amount demanded.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the lower court rejecting plaintiff's demand as in case of non-suit be avoided and reversed, and it is now ordered and decreed that there be judgment in favor of the plaintiff, Lawson Pepper, and against the defendant, A. E. Walsworth, for the sum of two hundred dollars and all costs in the lower court; and further ordered that plaintiff's demand as against S. W. Walsworth be rejected; and this suit, as to him, be dismissed. Plaintiff to pay costs of appeal.