No. 35,166

James F. McCoy, *Appellee*, v. Kenneth Fleming, *Appellant*.

(113 P. 2d 1074)

Opinion filed June 7, 1941.

*J. A. Fleming,* of Topeka, and *C. A. Fleming,* of Lawrence, for the appellant. *Raymond Briman,* of Topeka, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action to recover for damages to property sustained in an automobile collision. The action was commenced in the city court and from an adverse judgment the defendant appealed to the district court, where the cause was tried on an agreed statement of facts, which showed the following: On November 3, 1939, there had been a football game at Lawrence and for a time thereafter the U. S. highway between Lawrence and Topeka was heavily traveled. At a point about three miles east of Topeka, and about six p. m., there was a collision between cars not here involved. By reason of its occurrence, other cars were stopped on the pavement. Plaintiff approached the place of the above collision and brought his car to a stop immediately back of the car nearest to him in the line of the stopped cars, all of the stopped cars being on the

right-hand portion of the paved highway. The pavement was eighteen feet wide and when stopped the right side of plaintiff's car was about two feet from the edge of the pavement. After plaintiff's car was so stopped and standing for at least three minutes and while plaintiff was sitting at the wheel and while the motor was running the defendant drove his car into the rear of the plaintiff's car at a point about two feet to the right of the left side, causing the damages complained of. Prior to the collision of the two cars here involved, defendant was driving in the rear of a truck and was unable to see plaintiff's car until he passed the truck and was about eighty feet to the rear of plaintiff's car. It was expressly admitted that defendant was negligent in that he was driving his car at an excessive rate of speed and was unable to stop his car within his range of vision. Immediately prior to the collision, defendant was proceeding three feet to the left for each fifteen feet of forward movement. Both plaintiff and defendant had the front and rear lights shining on their respective cars, and the highway for at least one hundred feet immediately to the rear of the place where the cars collided and the shoulder of the highway to the right was clear and unobstructed. Plaintiff's car immediately before the accident was worth $155 and immediately after was worth $40, and he lost the use of it for four days, the cost of renting or hiring another being $3.50 per day. Plaintiff's car was not repaired by him.

The trial court, after consideration of the agreed statement of facts and argument of counsel, found the defendant was guilty of negligence, which was the proximate cause of the accident, and that the plaintiff was free from contributory negligence and entitled to recover judgment for the amount agreed upon in the statement of facts, and it rendered judgment for plaintiff against defendant for $124 (actually the stipulated amounts totaled $129, but there is no complaint by plaintiff). Defendant's motion for a new trial was denied, and he appeals.

In substance, the specifications of error, as restated and amplified in the briefs, present two questions:

1. Was plaintiff guilty of contributory negligence; and

2. Did the trial court apply a proper measure of damages?

Appellant calls our attention to the rule that where the facts are undisputed and but one conclusion therefrom can be drawn, whether such facts constitute negligence is a question of law (*Chanute v. Higgins*, 65 Kan. 680, syl. ¶ 1, 70 Pac. 638). He contends that inde-

pendent of the traffic statute hereafter mentioned, plaintiff was guilty of negligence as a matter of law in that if plaintiff had stopped his car farther to the right, the defendant's car which was veering to the left, would not have struck plaintiff's car. We shall not discuss this contention further than to say that independent of the statute, plaintiff, approaching the line of stopped cars, was not negligent in stopping behind the rear one instead of moving farther to the right or over on the shoulder of the highway. In the absence of statute, permitting a car to stand on the highway is neither illegal nor negligent. (42 C. J. 1006.)

Appellant next directs our attention to Laws 1937, chapter 283, section 70 (G. S. 1939 Supp. 8-570), and argues that plaintiff's violation of that statute was negligence per se. For our purposes, the statute reads:

"(a) Upon any highway . . . no person shall stop, park or leave standing any vehicle . . . upon the paved . . . part of the highway when it is practical to stop, park or so leave such vehicle off such part of said highway . . . (b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

Appellant argues that it was practical for plaintiff to have moved off the paved portion of the highway and onto the shoulder thereof, and that because he didn't do so he violated the statute. That argument ignores the latter part of the statute and the factual situation. The highway was blocked by the first collision which caused the succeeding traffic to stop. The record is silent as to the condition of the cars there involved, but that their condition caused a stoppage in the flow of traffic is admitted. No one of the cars in that line of traffic may be said to have been stopped at the wish or desire of the driver—and that is what the statute denounces—but because conditions ahead compelled the stopping. Under the conditions existing and in the exercise of ordinary care, it was impossible for drivers of the cars in the line of traffic and for the plaintiff to avoid stopping. The fact plaintiff did not drive his car farther to the right, or on the shoulder of the highway, did not make him guilty of violating the above statute. In view of the above, perhaps it is not necessary to discuss appellant's contention that violation of the above statute made plaintiff guilty of negligence per se, in support of which he cites *Burrell v. Horchem,* 117 Kan. 678, 232 Pac. 1042. This much

may be said: In that case, it was held to be actionable negligence for a father to permit his twelve-year-old son to drive an automobile on the public highways in violation of statute. But it has been held that mere violation of a statute regulating traffic is not of itself sufficient to make the driver guilty of actionable negligence; to make him liable it must appear the violation contributed to the injury and was the proximate cause of it (*Clark v. Southwestern Greyhound Lines*, 148 Kan. 155, 79 P. 2d 906). We think that under the circumstances disclosed, it may not be said that, as a matter of law, plaintiff was guilty of negligence contributing to his loss and barring his recovery. The trial court did not err in its conclusion.

Appellant complains the trial court adopted the wrong measure of damages. This complaint is limited. He does not object to so much of the judgment as is included in the difference between the value of the car just before the accident, *i. e.*, $155, and the value just after, *i. e.*, $40, or the net amount of $115, but that no allowance should have been made for the remaining $9 of the judgment, which rests on loss of use for four days. No citation of authorities in support of appellant's meager argument is contained in the brief, and this court might well conclude that counsel, after diligent search, had not been able to find any, in which case the judgment should be affirmed (4 C. J. S., 1906). We are not now advised by the statement of agreed facts whether plaintiff's car was used for business or pleasure, or whether it was damaged beyond repair; all we know from the statement is that he lost use of it for four days and that he had not had it repaired. While there is some diversity of decisions on whether the car is used for business or pleasure, there are many cases holding recovery may be had for loss of use even though the car is used wholly for pleasure. (See 42 C. J. 1291; 5 Am. Jur. 907, Annotation 32 A. L. R. 711, 713; 5 Berry Automobiles, 7th ed., § 5.232, p. 369; 6 Blashfield Cyc. Auto. Law and Prac., Perm. ed., § 3417, p. 36, *et seq.;* Huddy Cyc. Auto. Law, 9th ed., Vol. 17-18, § 254, p. 531.) It has not been made to appear the trial court erred in allowing $9 for plaintiff's loss of use of his car.

The judgment of the trial court is affirmed.