No. 36,885

DARRELL S. CRAWFORD, *Appellant,* v. DONALD MILLER, *Appellee.*

(186 P. 2d 116)

OMER D. SMITH, judge pro tem. Opinion filed Novembeer 8, 1947.

*W. S. Norris,* of Salina, argued the cause, and *G. A. Spencer,* of Salina, was with him on the briefs for the appellant.

*James P. Mize,* of Salina, argued the cause, and *C. L. Clark* and *Ralph Knittle,* both of Salina, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover for damages to property sustained in an automobile collision.

The original petition filed by the plaintiff was attacked by a motion to make more definite and certain. That motion is not in the record. The defendant states it was sustained in its entirety while the plaintiff avers it was sustained in part. In any event the petition was amended and now, omitting allegations pertaining to damages and its prayer, reads:

"1. Plaintiff is a resident of Saline County, Kansas, and his correct post office address is Salina, Kansas.

"2. On March 5, 1946, at about 7:15 or 7:30 P. M., the plaintiff was the owner of a certain automobile, being a 1937 Dodge Coupé, Motor No. D5-201237, which was at that time, and had been for approximately one-half hour prior thereto, standing on and occupying the south half or portion of U. S. Highway No. 40, about four miles east of Salina, Kansas, which said automobile was facing in a westerly direction, with all four of its wheels resting on the south half of the paved portion of said highway; that the headlights of plaintiff's automobile had, previous to the collision hereinafter referred to,

been disabled, and were not lighted at the time of said collision; that at or about the time aforesaid, at which time it was cloudy and dark, the defendant, who was then and there operating and driving a certain Ford V-8 tudor automobile, approached the point on said highway where the automobile owned by the plaintiff was then standing; that plaintiff's car was not at the time herein mentioned in operating or working condition; that said defendant was driving said Ford V-8 tudor automobile in an easterly direction on the south side of said U. S. Highway No. 40 at a high, unlawful, dangerous rate of speed, and at a rate of speed which was greater than was reasonable and proper under the conditions then existing, to-wit: At a rate of speed in excess of fifty miles per hour; that the automobile of the plaintiff was plainly visible, or should have been plainly visible, to the defendant approaching the same from the west as aforesaid, and was, or in the exercise of due care should have been seen by said defendant in time for the defendant to have stopped or slowed the car driven by him in time to avoid striking the car of plaintiff as aforesaid; that at said time and place, the north half of said highway was open and unobstructed, and there was ample room thereon for the defendant to have turned his car aside and onto the north half of said highway, and to have passed the car of the plaintiff in safety and without striking the same, but plaintiff alleges that the defendant carelessly and negligently continued to drive his automobile, as aforesaid, at a high, dangerous and unlawful rate of speed and at a rate of speed which was greater than was reasonable and proper under the circumstances then existing and at a rate of speed so great that he could not stop or control his car within the range of the vision of his headlights, and carelessly and negligently failed to keep or maintain a lookout for and to observe other vehicles or objects on said highway, and particularly the automobile of the plaintiff, and carelessly and negligently failed to observe signals or warnings given to him, which signals or warnings were given by waving a lighted electric lantern pointed in the direction of the defendant's oncoming car, by one Con Goracke, and carelessly and negligently failed to reduce his speed after he saw, or in the exercise of due care, should have seen the plaintiff's car in a position of peril on said highway, and as a result of and by reason of the careless and negligent acts of the defendant as aforesaid, said defendant drove his said Ford V-8 automobile into and against the automobile of the plaintiff, and thereby and as a result thereof demolished and destroyed plaintiff's said automobile. That at the time and place above mentioned, there were other cars parked along the sides of the highway, the number of said cars being unknown to the plaintiff; that several of such cars, the number thereof being unknown to the plaintiff, were standing at the south side of said highway, south of and off the paved portion of said highway, heading east, with their headlights and tail lights burning, and several of such cars, the number thereof being unknown to plaintiff, were standing at the north side of said highway, and north of and off of the paved portion thereof, headed west, with their headlights and tail lights burning."

Shortly after the amended pleading was filed the defendant demurred thereto on the ground it failed to state facts sufficient to constitute a cause of action. In due time the demurrer was sustained

and plaintiff was given twenty days in which to file a second amended petition. Instead of amending, plaintiff served notice of appeal and now submits for appellate review the question whether the trial court properly sustained the demurrer.

Preliminary to our consideration of the real question raised by the appeal it should be stated that in view of the state of the record the allegations of the amended petition are to be liberally construed in favor of the pleader. This is not a case where it appears the pleading as filed has been attacked by a motion which has been successfully resisted and therefore become subject to strict construction. Neither is it one—since the motion to make more definite and certain is not in the record—where it can be urged portions of the petition amended pursuant thereto on matters attacked are to be strictly construed against the pleader on the theory that in complying with orders of the court in connection therewith the plaintiff has pleaded all that he can that is in his favor.

Boiled down the gist of appellee's contention in support of the trial court's ruling in sustaining the demurrer is that the amended petition clearly shows that at the moment of the accident described therein the appellant was violating three positive provisions of the uniform act regulating traffic on the highways, the violation of any one of which was negligence *per se* and precluded his recovery as a matter of law. Specifically, he charges that pleading shows on its face the appellant's automobile (1) was being operated on the wrong side of the road in violation of G. S. 1945 Supp. 8-537, (2) was upon the highway without lights in violation of G. S. 1945 Supp. 8-581, and (3) was left standing upon the paved, improved or main-traveled part of-the highway with all four wheels on the pavement for at least thirty minutes in violation of G. S. 1945 Supp. 8-570.

We are not too certain that appellee's claim as to the factual situation disclosed by the petition can be upheld. In fact, when its allegations are liberally construed in favor of the pleader and given the benefit of inferences to which they are entitled, it appears that at the time of the accident in question appellant's automobile was not in operation but had come to a stop and was standing on the wrong side of the highway in a disabled condition with its lights temporarily out of order as a result of some unavoidable mishap, under circumstances which made its removal impossible during the time it had been standing there. Thus construed, we do not think it can be seriously urged that appellant's car was on the highway in

violation of the rules of the road heretofore mentioned or that he had failed to state a cause of action in negligence sufficient to withstand attack by general demurrer. Be that as it may, giving the amended petition the factual construction placed upon it by the appellee, there is sound legal basis for rejection of his claim the demurrer should have been sustained because such pleading shows negligence preventing appellant's recovery.

This court has always held that mere violations of the statute regulating traffic are not in and of themselves sufficient to make the driver of a motor vehicle guilty of actionable negligence and that to make him liable it must appear the violation, or violations, contributed to the injury and were the proximate cause thereof.

In *Clark v. Southwestern Greyhound Lines*, 148 Kan. 155, 79 P. 2d 906, we held:

"The mere violation of a statute regulating speed is not in itself sufficient to make the operator of a motor vehicle guilty of actionable negligence in a collision of automobiles; to make him liable it must appear that the speed contributed to the collision and was the proximate cause of the injuries sustained." (Syl. ¶ 3.)

To the same effect is *McCoy v. Fleming*, 153 Kan. 781, 113 P. 2d 1074.

See, also, the recent case of *Goodloe v. Jo-Mar Dairies Co.*, 163 Kan. 611, 185 P. 2d 158, where we said:

"To the foregoing canons of law we might add two more which are applicable here. One so universally recognized as to almost preclude necessity for citation of authorities, is that negligence is not actionable unless it is the proximate cause of injury (See West Kansas Digest 'Negligence' § 56). The other, similar in character, but having particular reference to recovery of damages for injuries sustained in motor vehicle collisions is that mere violations of an ordinance or statute regulating traffic, such as excessive speed, defective equipment, driving down the center of the highway, or other matters of a similar nature, are not sufficient to make the driver of an automobile guilty of actionable negligence in an action involving a collision unless it appears from the evidence that such violations contributed to the accident and were the proximate cause of the injuries therein received. For some of our important, and recent cases on the subject, see: *Williams v. Electric Railroad Co.*, 102 Kan. 268, 170 Pac. 397; *Barsfield v. Vucklich*, 108 Kan. 761, 197 Pac. 205; *Phillips v. Meyer Sanitary Milk Co.*, 129 Kan. 45, 281 Pac. 895; *Clark v. Southwestern Greyhound Lines*, 148 Kan. 155, 79 P. 2d 906; *Frakes v. Travelers Mutual Cas. Co.*, 148 Kan. 637, 84 P. 2d 871; *Eldredge v. Sargent*, 150 Kan. 824, 96 P. 2d 870; *Jilka v. National Mutual Cas. Co.*, 152 Kan. 537, 106 P. 2d 665; *Wright v. Nat'l Mutual Cas. Co.*, 155 Kan. 728, 129 P. 2d 271; and *Curtiss v. Fahle*, 157 Kan. 226, 139 P. 2d 827. See, also, West's Kansas Digest

'Automobiles' 201 (1, 2, 3, 4); Hatcher's Kansas Digest 'Automobiles' §§ 10 and 15." (p. 618.)

By analogous reasoning it follows that violations of ordinances or statutes regulating traffic, although they appear on the face of a petition, do not necessarily compel a conclusion that a plaintiff is guilty of negligence which precludes him from recovery as a matter of law. To prevent recovery it must appear from other allegations of the petition that those violations were the legal cause of the injury for which he seeks to recover damages predicated upon the negligence of another. In fact, that has always been the rule in this jurisdiction. That such is the law was indicated in *Anderson v. Sterrit*, 95 Kan. 483, 148 Pac. 635, wherein we held:

"The plaintiff, who was riding a bicycle, was injured by the defendant, who was driving an automobile on one of the streets of the city of Kansas City, Mo. In an action for damages sustained on account of the injury it appeared that the plaintiff had no license to ride his bicycle and carried no light, contrary to an ordinance of the city. The absence of a license was not a factor causing the collision, and the defendant testified that he saw the plaintiff when he was a long distance from the point of collision. Held, neither violation of the ordinance constituted a defense to the action." (Syl. ¶ 1.)

The rule is stated expressly in *Pens v. Kreitzer*, 98 Kan. 759, 760, 761, 160 Pac. 200, where it was said:

"The fact that the plaintiff was, at the time of the accident, violating the law of the road in not turning to the right after he heard the automobile, does not, as a matter of law, preclude his recovery. (*Anderson v. Sterrit*, 95 Kan. 483, 148 Pac. 635; *McComas v. Dry Goods Co.*, 96 Kan. 467, 152 Pac. 615; Note L. R. A. 1915 E. 961.)"

Further authority for the principle is to be found in *Spohn v. Southern Kansas Stage Lines*, 142 Kan. 595, 50 P. 2d 1001. In that case the plaintiff was seeking to recover for personal injuries and damages sustained in a motor-vehicle collision. The defendant's claim on appeal was that plaintiff's evidence revealed that he had violated certain rules of the road which made him guilty of contributory negligence as a matter of law. There we held:

". . . (2) that the failure of the plaintiff to do one or more things he might have done to avoid the collision will not necessarily make him guilty of contributory negligence if there is evidence that will support the finding that the collision was caused by the negligence of the defendant." (Syl. ¶ 1.)

To the same effect, although dealing with negligence of the plaintiff as a pedestrian, is *Morlan v. Hutchinson*, 116 Kan. 86, 225 Pac. 739, where we held:

"In an action for damages for wrongfully causing the death of one by running over or striking him with an automobile in a public road, although the evidence may show that the negligence of the deceased, in lying in the road in the first instance contributed toward his injury, yet, if there is evidence tending to show that the driver of the automobile which caused the death saw deceased in the position of danger, from which he could not extricate himself, or, by the exercise of reasonable diligence, should have seen him in time to stop or to avoid running over or striking him, the proximate cause of the death is one of fact for the jury." (Syl. ¶ 4.)

See, also, *Zinn v. Updegraff*, 113 Kan. 25, 32, 213 Pac. 816, where we quoted with approval from Huddy on Automobiles, 6th ed., 474, as follows:

" 'Even though the plaintiff has violated the law of the road, there always remains the question whether the violation was a proximate cause of his injuries; if not the proximate cause, the violation does not bar his right of action.' "

And in commenting on the rule as quoted said:

"Thus it will be seen from the authorities, that under the law of the road a person may use any part of the traveled way, but on meeting another vehicle he should seasonably turn to the right of the center of the traveled way, that is, that he should turn in sufficient time to enable the one approaching him to pass without collision, but if he does not do so the question of whether or not he is liable for injuries resulting from a collision will depend on whether or not his being on the left side of the road, and failing seasonably to turn to the right was the proximate cause, or one of the proximate causes, of the injury." (p. 32.)

That a negligent condition may or may not be the proximate cause of an injury, depending upon varying circumstances, is a well-established legal proposition (*Bringle v. Gale Township*, 127 Kan. 115, 272 Pac. 126; *McRae, Adm'r v. Railroad Co.*, 116 Kan. 99, 225 Pac. 1032; *Lambel v. City of Florence*, 115 Kan. 111, 222 Pac. 64).

Moreover, this court has repeatedly held that where the absence of lights or signals does not prevent a driver from seeing a vehicle in time to avoid it, the absence of such lights or signals cannot be said to be the proximate cause of a motor vehicle collision (*Eldredge v. Sargent*, 150 Kan. 824, 96 P. 2d 870; *Jilka v. National Mutual Cas. Co.*, 152 Kan. 537, 106 P. 2d 665; *Wright v. Nat'l Mutual Cas. Co.*, 155 Kan. 728, 129 P. 2d 271 and *Curtiss v. Fahle*, 157 Kan. 226, 139 P. 2d 827).

We have carefully examined the amended petition which has heretofore been quoted at length. No useful purpose can be served by repeating the allegations to be found therein. It will suffice to

say we find nothing there which affirmatively discloses as a matter of law appellant's negligence was the proximate cause of the collision on which he bases his claim for damages. So construed the trial court erred in sustaining the demurrer.

The judgment is reversed.