No. 38,524

H. A. Rohrer, *Appellee*, v. Helen Olson, *Appellant*.

(242 P. 2d 825)

Opinion filed April 12, 1952.

*I. M. Platt* and *Chas. I. Platt,* both of Junction City, argued the cause and were on the briefs for the appellant.

*C. L. Hoover,* of Junction City, argued the cause, and *Robert A. Schermerhorn* and *A. B. Fletcher, Jr.,* both of Junction City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal by defendant from a judgment in favor of plaintiff in a damage action growing out of the collision of two motor vehicles on a public highway.

The collision occurred when defendant's car crashed into the rear end of plaintiff's truck when the latter was parked "by the side of the road" in a disabled condition and left unattended and without lights or other warning signals in the nighttime.

The theory of plaintiff's case was that defendant negligently drove her car off the main traveled portion of the highway and into the truck, resulting in damage to plaintiff in the amount of $645.60.

Defendant's theory was that any damage sustained by plaintiff was the result of his contributory negligence in leaving the truck so

parked, and in her cross-petition she sought recovery for her personal injuries and damage to her car in the sum of $6,246.98.

The case was tried by the court without a jury. The court made conclusions of fact and of law and rendered judgment for plaintiff in the sum of $570.60.

Plaintiff and his family lived on a farm a few miles from Junction City. On Saturday evening, October 24, 1948, his two sons started out for Junction City in his half-ton truck. They had eggs and feed in the truck which they were going to sell in town, and they also planned to have the truck's spare tire, which was flat, repaired. Between their home and Junction City, as they were driving south along Highway No. 18, their right rear tire went flat. Having no spare tire they pulled the truck off to the right side of the highway close to an embankment. They placed the eggs in the cab, locked the cab doors and walked back home, with the intention of returning the next morning to change the tire. The lights of the truck were turned off and no flares or other warning signals were left.

The testimony concerning the exact location at which the truck was left, with reference to the embankment, ditch, shoulder, ridge of sand and the main traveled portion of the highway, is in sharp conflict, as is also the testimony concerning the width and other conditions of the highway at the place in question. We have examined all of this evidence and think the court's findings as to those facts present the conditions substantially as they existed.

With reference to the highway the court found:

"3. Highway No. 18 in the vicinity of the accident, is a gravelled road, comparatively level, but sloping down on each side of the road to the bottom of a perpendicular embankment on each side, the bottom of the ditch where it joins the bottom of the perpendicular embankment, being about sixteen inches lower than the crown of the road. The distance between the two perpendicular embankments is thirty nine and one half feet. The gravelled portion of the road is twenty five feet, and the distance between the gravelled portion of the road and the perpendicular embankment on the east side of the road is seven feet and on the west side of the road seven and one half feet. About four hundred and fifty feet to the north of the scene of the accident there is a slight bend in the road and also a slight elevation of the road, and from such slight elevation and slight bend in the road, the road is practically straight for a distance south of about a half a mile."

Concerning the condition in which the truck was left, and as to its location with reference to the highway, the court found:

". . . The right rear tire on the truck went flat, and immediately upon realizing that fact David Rohrer turned the truck off of the road and parked it

at the side of the ditch with the right front wheel of the truck about six inches from the perpendicular bank on the west side of the road, and the right rear wheel about eighteen inches from the perpendicular bank on the west side of the road. No part of the truck was in the travelled portion of the highway.

"5. The two boys placed the eggs in the cab and locked the cab and truck, did not leave any of the lights burning, and did not put out any flares or other signals to traffic either way. They went home with the intention of returning the next morning to change the truck tire, arriving home at about nine o'clock in the evening."

At about the time plaintiff's sons were having trouble with the truck and "parking it for the night," defendant, who was employed in Topeka, was visiting a friend in Junction City. During the course of the evening she and her friend "split" three bottles of beer between them. About an hour after midnight she had occasion to be driving south on Highway No. 18, and was traveling between forty and fifty miles per hour. She was alone at the time. The night was clear and the highway dry. As another car approached from the rear she slowed down a little and pulled over slightly to the right so as to let the car pass. As she did so she "dimmed" her lights. Her vision was obscured by dust "kicked up" by the passing car. She did not slacken her speed, and the next thing she remembered was when she regained consciousness in a Junction City hospital later that morning. Her car crashed into the left rear end of plaintiff's parked truck, resulting in considerable damage to both vehicles. She was severely injured in the collision. There was evidence to establish, and the court so found, that when about seventy-five feet from plaintiff's truck her car commenced to leave the traveled portion of the highway and that it proceeded at such angle until the crash.

As conclusions of law the court held:

"1. The plaintiff violated the law in failing to place flares or lights when the truck was left at the side of the highway, but such violation, while prima facie an act of negligence, did not contribute to the accident, and was not the proximate cause of the accident.

"2. The defendant was negligent in the following particulars, to-wit: a. that she failed to give attention to her surroundings and to keep a proper lookout for the movement and positions of other cars, including plaintiff's truck. b. that she negligently permitted her automobile to travel off the main traveled portion of the highway, and into the ditch where plaintiff's truck was parked. c. that she failed to keep the speed of her car to a point where she could stop within the range of her vision. d. that she failed to reduce her speed when her vision became obscured. The negligence of the defendant was the proximate cause of the damage."

Defendant argues strenuously that the lower court erred in overruling her demurrer to plaintiff's evidence, her contention being that it conclusively established the fact of the truck being parked along the side of the road, unattended and without lights, in the nighttime, in violation of G. S. 1949, 8-586, thus rendering plaintiff guilty of contributory negligence as a matter of law so as to bar his recovery.

No useful purpose would be served in detailing plaintiff's evidence. With respect to the exact location of the truck and the measurements and conditions of the highway at the point in question, it established substantially those facts heretofore related. Not every violation of an ordinance or statute regulating traffic upon the streets or highways by a plaintiff is sufficient in itself to make such party guilty of negligence which will bar his recovery as a matter of law. In order to prevent recovery it must appear that the violation was the proximate and legal cause of his own damage or injuries. (*Crawford v. Miller,* 163 Kan. 718, 186 P. 2d 116.) And it also has been held that where the absence of lights or warning signals does not prevent a motorist from seeing a vehicle in time to avoid a collision their absence is not the proximate cause of a resulting collision. (*Jilka v. National Mutual Cas. Co.,* 152 Kan. 537, 106 P. 2d 665.) We think plaintiff's evidence was such that reasonable minds might differ as to the proximate cause of this collision, and, such being the case, defendant's demurrer was properly overruled.

This brings us to what we consider to be decisive of this appeal. From the first conclusion of law, above quoted, it is readily apparent the court tried this case on the theory that plaintiff's sons' action in leaving the truck as they did is governed by G. S. 1947 Supp. 8-5, 108 (b), which in substance provides that whenever any motor truck and its lighting equipment are disabled during the nighttime, and such truck cannot immediately be removed from the main traveled portion of the highway, the driver shall place flares or other appropriate signals at designated locations on the highway.

Here there was no evidence the lighting equipment of the truck was disabled, and it was immediately removed from the main traveled portion of the highway. Under the latter circumstance perhaps it cannot be said there was any duty to comply with the provision of the statute with reference to placing flares or other appropriate signals at the designated places on the highway.

We think that clearly the statute applicable to the facts here disclosed is G. S. 1947 Supp. 8,586 (now appearing as G. S. 1949, 8-586), which reads:

"Whenever a vehicle is parked or stopped upon a roadway or shoulder adjacent thereto, whether attended or unattended during the times mentioned in section 81 [8-581], such vehicle shall be equipped with one or more lamps which shall exhibit a white light on the roadway side visible from a distance of 500 feet to the front of such vehicle and a red light visible from a distance of 500 feet to the rear, except that local authorities may provide by ordinance or resolution that no lights need be displayed upon any such vehicle when stopped or parked in accordance with local parking regulations upon a highway where there is sufficient light to reveal any person or object within a distance of 500 feet upon such highway. Any lighted headlamps upon a parked vehicle shall be depressed or dimmed." (Section 81, among other things, refers to nighttime.)

Even though the truck was not parked in the main traveled portion of the highway, it nevertheless, in the ordinary sense, was parked upon a "shoulder adjacent thereto" in the nighttime, without a front and rear light burning, all in violation of the statute.

It may be that the trial court took into consideration the violation of this statute in rendering its conclusion of law No. 1, but we are compelled to take the record as we find it and it would appear the court's conclusion was based upon the premise that the only violation by plaintiff's sons consisted in not placing "flares or lights," as provided by 8-5, 108 (b), *supra*. Thus we are forced to conclude that the court did not give proper consideration to the force and effect of 8-586, *supra*, and to the question whether its violation can be said to amount.to the proximate cause of the collision.

For the reasons stated the judgment of the lower court is reversed and the cause is remanded for a new trial as to all issues.